|  |  |
|---|---|
| THE KNIGHTS OF COLUMBUS, | : UNITED STATES DISTRICT COURT<br>: NORTHERN DISTRICT OF NEW YORK<br>: |
| Plaintiff, | : Civil Action No: 1:23-CV-1532 (TJM/DJS) |
| vs. | : |
| BARBARA A. TODD and<br>ANNA MARIE WILSON | : **COMPLAINT FOR INTERPLEADER** |
| Defendants. | : |

Plaintiff Knights of Columbus ("Plaintiff" or "KofC"), by and through by its attorneys, FisherBroyles, LLP, hereby submits its Complaint for Interpleader Relief pursuant to 28 U.S.C. §1335, 28 U.S.C. §1332 and Rule 22 of the Federal Rules of Civil Procedure against Defendants Barbara A. Todd ("Barbara") and Anna Marie Wilson ("Anna Marie").

## PARTIES, JURISDICTION AND VENUE

1. KofC is a disinterested stakeholder of funds to which conflicting claims have been asserted and, therefore, brings this Complaint for Interpleader relief pursuant to 28 U.S.C. §1332, Fed. R. Civ. P. 22 and 28 U.S.C. §1335.

2. KofC respectfully requests that this Court permit KofC to deposit the disputed funds with the Court's Registry, declare that such payment relieves KofC from any and all further liability under Policy of Whole Life Insurance xxx5800 (the "Policy 5800") issued on August 18, 1986 and insuring the life of Jon T. Todd ("Insured" or "Decedent") in the amount of $30,000 and Policy of Whole Life Insurance xxxxxx5775 ("Policy 5775") issued on August 26, 1988 and insuring the life of Insured in the amount of $70,000.

3. KofC requests that this Court require the Defendants to litigate their respective claims to the interpleaded funds and adjudge which of the Defendants is entitled to payment of the interpleaded funds.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1335, because the amount in controversy is greater than $500, and there are two diverse Defendants claiming entitlement to such money.

5. This action is also properly before this Court pursuant to Federal Rule of Civil Procedure 22, because KofC may be exposed to multiple liability as a result of the competing claims of defendants, the amount in controversy exceeds $75,000, and KofC is diverse from all defendants.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the defendants resides within this District.

7. KofC is a fraternal benefit society organized and registered under the laws of the State of Connecticut and maintains its principal place of business is located at One Columbus Plaza, New Haven, Connecticut.

8. Defendant Barbara is over 21 years of age and is a citizen of New York, residing at 92 Holzmann Ext., Acra, NY 12405-1309.

9. Defendant Anna Marie is over 21 years of age and is a citizen of Oregon, residing at 2050 Beavercreek Rd Ste 101 Oregon City, OR 97045.

**FACTUAL BACKGROUND**

10. KofC issued Policy 5800 on or about August 18, 1986. The application for the policy designated Insured's then wife, Barbara J. Todd, as primary beneficiary and "children of this marriage share and share alike" as secondary beneficiaries.

11. KofC issued Policy 5775 on or about August 26, 1988. The application for the policy designated his then wife, Barbara J. Todd, as primary beneficiary and "children to share alike Sherry & Steven Todd" as secondary beneficiaries.

12. Barbara J. Todd predeceased Insured on January 24, 2015.

13. On or about February 18, 2015, the Insured executed a Change of Beneficiary form for Policy 5800 in which he named Ann Marie Wilson and Steven L. Todd as primary beneficiaries.

14. On or about February 18, 2015, the Insured executed a Change of Beneficiary form for Policy 5775 in which he named Ann Marie Wilson and Steven L. Todd as primary beneficiaries.

15. Insured married Defendant Barbara on September 12, 2015.

16. Insured passed away on August 13, 2023.

17. As of Insured's death, the total death benefit payable under Policy 5800 is $54,984.75.

18. As of the Insured's death, the total death benefit payable under Policy 5775 is $115,912.92.

19. On or about September 21, 2023, Defendant Barbara filed a claim demanding payment of the death benefits payable under five separate contracts issued by KofC and insuring Decedent, including the two policies at issue in this matter.

20. KofC paid Defendant Barbara's claim with respect to three of the five contracts and informed her that she is not the beneficiary on Policy 5800 or Policy 5775.

21. Thereafter, Defendant Barbara filed a complaint with the New York Department of Financial Services contending that she is the rightful beneficiary of the policies at issue.

22. On October 19, 2023, KofC sent a letter to Defendant Anna Marie and Steven Todd to notify them that they are beneficiaries of the policies at issue and to notify them that Defendant Barbara had asserted a competing claim to the proceeds.

23. On November 2, 2023, Defendant Anna Marie submitted her claim to KofC demanding payment of proceeds under the policies according to the beneficiary designations.

24. By letter dated November 9, 2023, counsel for KofC advised each of the claimants that this interpleader action would be necessary unless they were able to agree upon a distribution of the proceeds at issue. Counsel further apprised the claimants that KofC, as a disinterested stakeholder, would seek reimbursement from the proceeds for any costs and fees incurred in connection with this action and thus encouraged amicable resolution in order to avoid deduction of such expenses and fees.

25. By letter dated November 17, 2023, Defendant Anna Marie advised KofC counsel that she is not willing to negotiate settlement with Barbara.

26. Steven Todd has advised counsel for KofC that he has no interest in the proceeds of the policies at issue and has provided a written waiver of any claim to said proceeds.

**CLAIM FOR INTERPLEADER RELIEF (PURSUANT TO F.R.C.P. 22)**

27. KofC recognizes its liability to pay the benefits due under the policies in the amount of $_____ to the person or persons rightfully entitled to receive the proceeds. However, KofC is unable to determine to whom the proceeds are rightfully payable because of the conflicting claims asserted by defendants.

28. KofC is therefore exposed to the possibility of conflicting and adverse claims involving multiple parties with claims of liability against KofC, all of which would involve the

cost and expense of defending multiple suits seeking recovery of benefits under the policies at issue.

29. Because of the conflicting and adverse claims being asserted, KofC has been required to retain counsel to file this action, has incurred and will continue to incur reasonable attorneys' fees, and has incurred court costs and expenses incident to this action, all of which fees and costs incurred by KofC are entitled to be paid and/or reimbursed out of the proceeds of the policies at issue.

**WHEREFORE**, KofC respectfully requests that this Honorable Court enter an Order or Judgment and declare:

1. the rights and entitlement, if any, of each Defendant under the policies identified herein;

2. that each and every named Defendant, and any and all other persons with a claim of entitlement to the proceeds of the policies identified herein, be enjoined from instituting and prosecuting any action against KofC in any state or federal court seeking to recover said proceeds;

3. that Defendants, and/or any other person asserting a right to payment of any proceeds payable under the policies at issue be required to file in this action, any and all respective claims to said proceeds;

4. that upon depositing the proceeds of the policies identified herein with the Clerk of Court or as otherwise directed, KofC shall be discharged from this action and from any and all liability under said policies;

5. that KofC be permitted to recover from the proceeds of the policies identified herein, any costs and fees, including reasonable attorneys' fees and costs incurred in pursuing this action; and

1307969 2675973v.3

6. That the Court award any and all other such relief as the Court deems just and proper.

Date: December 5, 2023

F<small>ISHER</small>B<small>ROYLES</small>, LLP

*/s/ Robert P. Lesko*
Robert P. Lesko
100 Overlook, 2nd Floor
Princeton, New Jersey 08540
973-917-8686
robert.resko@fisherbroyles.com
*Attorneys for Plaintiff The Knights of Columbus*